IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Steven Anthony Banks, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:09-1337-JMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Allied Crawford Greenville, Inc., and | ) | |
| Allied Crawford Steel, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is now before the court upon the Report and Recommendation of the magistrate judge, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina. In her Report and Recommendation, the magistrate judge reviewed Defendants Allied Crawford Greenville, Inc.'s and Allied Crawford Steel, Inc.'s ("Allied") Motion for Partial Summary Judgment and recommended that the motion be denied. Allied filed timely objections to the magistrate judge's Report and Recommendation. For the reasons stated below, the court adopts the magistrate judge's recommendation and denies Allied's motion.

FACTS

The plaintiff, Steven Anthony Banks ("Banks"), brings this suit against Allied alleging race discrimination and retaliation in violation of 42 U.S.C. § 1981. On or about January 2008, Banks began his employment with Allied, a steel distributor, as a crane operator working the third shift.

Less than a year after Banks began his employment, Kevin Granger ("Granger") was promoted to third shift "supervisor." According to Banks' testimony, Granger began to verbally

harass him in November 2008 on the basis of his race by using racially inappropriate terms and racial epithets. Although Banks threatened to report Granger's behavior to the plant manager, Banks instead conveyed his concerns to the second shift supervisor approximately four months later. Banks also played a voice message for the second shift supervisor that Granger left for Banks which contained the subject language. Banks testified that he requested the second shift supervisor to notify the plant manager, but the supervisor failed to do so. Banks eventually told the plant manager that he was experiencing problems with Granger and that Granger was "saying words that don't need to be said . . . and animosity [was] going on." However, Banks did not clearly specify the racial nature of the remarks or play any voice messages for the plant manager from Granger containing the racial epithets.

Banks continued his employment with Allied, but filed this action in April 2009. Shortly thereafter, Banks complained to the plant manager about Granger playing music in the workplace which Banks found harassing and offensive. Banks was moved temporarily to another shift so that he would be separated from Granger. However, Banks was reassigned to Granger's shift one week later, and when he questioned the reassignment, Banks was allegedly told the reassignment was a result of the lawsuit. Apparently, around this same time, one of Banks' coworkers brought Granger's voice messages to the attention of the plant manager and Granger was terminated.

Allied filed this Motion for Partial Summary Judgment on February 12, 2010. In the motion, Allied sought summary judgment as to (1) whether Granger can be considered Banks' supervisor, such that Allied is vicariously liable for his conduct as to the race discrimination claim; and (2) whether Banks has established a claim for retaliation. The magistrate judge entered her Report and Recommendation in this case on June 3, 2010. Allied timely filed objections to the Report and Recommendation to which Banks has replied.

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, when a motion for summary judgment is properly made, unsupported conclusory allegations do not suffice to create a genuine issue of material fact. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). The non-moving party must show the existence of specific facts which give rise to a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324. In deciding whether there is a genuine issue of material fact, the evidence must be viewed in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

**B. Racial Discrimination**

Allied objects to the magistrate judge's recommendation to deny summary judgment on Banks' racial discrimination claim. Allied asserts that the magistrate judge erred in finding that there is a genuine issue of fact as to whether Granger had sufficient supervisory authority over Banks to impute his conduct to Allied for the purpose of imposing liability. Allied claims that they are entitled to summary judgment because Granger was not principally responsible for "tangible employment actions" or employment decisions and Granger's comments amounted to nothing more than "stray" remarks which are insufficient to hold Allied vicariously liable for his discriminatory conduct, citing *Watkins v. Hospitality Group Mgmt*, 2004 WL 444572 (D.N.C. 2004). However, the Fourth Circuit Court of Appeals recently clarified that supervisory authority encompasses more than just the ability to impact employment decisions, but also extends to designation of rank and title, the allocation of tasks and levels of responsibility, control over scheduling, control over discipline, and the representative beliefs of supervisory status between the harasser and the victim. *See Whitten v. Fred's, Inc*., 601 F.3d 231, 245-47 (4th Cir. 2010).

The deposition testimony of Allied's witnesses reveals that Granger was promoted to supervisor of the third shift and was the only management level personnel available at the plant during those hours. Additionally, the witnesses testified that Banks was told that Granger was his immediate supervisor and he should follow Granger's instructions. The magistrate judge identified these and other grounds as the basis for her recommendation that summary judgment be denied. The court agrees with the magistrate judge's reasoning and, therefore, adopts her recommendation that summary judgment be denied as to this claim.

**C. Retaliation**

Allied also objects to the magistrate judge's recommendation to deny summary judgment as to Banks' retaliation claim. Allied specifically asserts that the magistrate judge erred in finding that there is a material issue of fact as to whether Banks suffered a material adverse employment action after reporting Granger's comments and conduct to Allied. To establish a *prima facie* case of retaliation, an employee must show (1) that he engaged in protected activity, (2) that his employer took an adverse employment action against him, and (3) that a causal connection existed between the protected activity and the materially adverse action. *E.E.O.C. v. Navy Federal Credit Union,* 424 F.3d 397, 406 (4th Cir. 2005). The antiretaliation provision is intended to prevent employer interference with employee access to remedial mechanisms for actionable claims, and is not meant to address mere annoyances and personal conflicts. *See Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68 (2006).

In objecting to the magistrate judge's Report and Recommendation, Allied focuses primarily on the change of Banks' shift when he first complained to the plant manager. While there is testimony that Banks was transferred to first shift in an effort to separate him from Granger after he first brought the matter to the plant manager's attention, the magistrate judge also found that there is testimony that Banks was returned to Granger's shift after Allied learned of the lawsuit. Furthermore, there is evidence that, after the filing of the lawsuit, Granger began playing offensive music in the workplace and he interrupted Banks' work by throwing materials Banks needed into a walkway while others stood by and laughed.

Viewing all of this evidence in the light most favorable to Banks, the court finds that Banks has presented sufficient evidence to withstand summary judgment as to his claim for retaliation.

## Conclusion

The court has thoroughly reviewed the record in this case, the Report and Recommendation of the magistrate judge, and considered all post-Report and Recommendation responses filed in this matter. For the reasons set forth above, the court adopts the magistrate judge's Report and Recommendation.

It is therefore **Ordered** that Allied's motion for partial summary judgment is denied.

**It is so ordered.**

s/ J. Michelle Childs
United States District Judge

September 2, 2010
Greenville, South Carolina