IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Steven Anthony Banks, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:09-cv-01337-JMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Allied Crawford Greenville, Inc., and | ) | |
| Allied Crawford Steel, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on petition by Plaintiff Anthony Banks ("Banks") for attorneys' fees, costs, and expenses pursuant to Rule 54 of the Federal Rules of Civil Procedure. Banks pursued this case against Allied Crawford Greenville, Inc. and Allied Crawford Steel, Inc. alleging race discrimination and retaliation in violation of 42 U.S.C. § 1981. On May 15, 2011, the jury rendered a verdict in favor of Banks in the amount of Thirty Thousand Dollars ($30,000) in compensatory damages and Thirty Thousand Dollars ($30,000) in punitive damages on Banks's claim for race discrimination.

Banks filed this Petition for Attorneys' Fees and Expenses [Doc. 81] requesting that the court award it attorneys' fees totaling $59,435.00, paralegal fees totaling $191.25, and legal expenses totaling $2,373.37, for a total award of $61,999.62.[1] Allied has not filed any opposition to Banks's

---

[1] Although Banks represents that the total amount requested equals $62,549.62, the total calculated by the court based on the itemizations provided in Banks's petition equals only $61,992.62.

1

petition. Having carefully considered the petition, the record, and the applicable law, the court grants Banks's petition.

## DISCUSSION

Plaintiff pursued this case pursuant to 42 U.S.C. § 1981 ("Section 1981"). Section 1988 of the Civil Rights Code provides: "In any action or proceeding to enforce a provision of section[] 1981 . . ., the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case.*" Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1672 (2010). The court finds that Banks is the prevailing party in this litigation and is entitled to reasonable fees and costs.

Upon a finding that an award of attorneys' fees is appropriate, the court is charged with determining the reasonable amount of fees to award to the petitioning party. *See In re Abrams & Abrams, P.A.*, 605 F.3d 238, 243 (4th Cir.2010) ("'[T]he law of this circuit has long been clear that federal district courts have inherent power and an obligation to limit attorneys' fees to a reasonable amount.'") (citations omitted)). The court's determination of the reasonableness of a fees award begins with the court's calculation of the lodestar figure. *See Robinson v. Equifax Information Srvs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). The lodestar amount is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Id*. The Fourth Circuit has adopted a 12-factor test for making a lodestar determination. These factors are as follows:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in

controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). The court may find that some of the factors are inapplicable; as such, these factors do not need to be strictly applied. *See E.E.O.C. v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990) (stating that seven of the factors did not affect the fee in that case and evaluating only those factors that did affect the fee).

*1. Time and labor expended*

Although this case concerned common claims of employment discrimination and retaliation, there was an underlying issue concerning supervisory status which was highly contested throughout the litigation. The parties expended a significant amount of time participating in discovery and motions practice related to this issue. For these reasons, as well as others detailed by Banks, the court is unable to say that the number of hours for which compensation is requested is excessive. Therefore, this factor favors the court granting Banks's petition.

*2. Novelty and difficulty of the questions presented by the lawsuit*

The court finds that this factor weighs in Banks's favor. As discussed above, the general subject matter of this litigation was not particularly complex. However, the case involved some degree of difficulty related to the issue of whether certain persons from whom Banks recieved instructions regarding his job responsibilities were, in fact, his supervisors as defined by the relevant law.

*3. Skill required to properly perform the legal service*

Given the nature of this litigation, Banks was justified in engaging knowledgeable, competent counsel to prosecute his claims.

*4. Preclusion of other employment opportunities*

This factor also weighs in Banks's favor. Banks's counsel prosecuted his claims on a contingency fee basis.[2] In pursuing these claims for Banks, counsel lost amounts they could have earned working for other clients, particularly work on fee-paying clients and consultations for which fees are charged.

*5. Customary fee and nature of fee*

This factor also suggests that Banks's motion should be granted. Based on the affidavits provided by Banks in support of his petition, the court finds that the rates charged by counsel are well within the range of what attorneys in this market with their education, experience, and reputation reasonably charge.

*6. Attorney's expectations at the outset of the litigation*

The court finds that this factor does not affect the attorneys' fee in this case.

*7. Time limitations imposed by the client or circumstances*

The court finds that this factor does not affect the attorneys' fee in this case.

*8. Amount in controversy and the results obtained*

This factor further supports the amount of fees claimed by Banks. Banks did not prevail on all claims in the case. However, the evidence regarding harassment and retaliation were related and

---

[2]Pursuant to agreement, counsel may actually receive either the attorney fees awarded or a contingency fee, but not both.

overlapping, and the court finds that counsel would have expended substantially the same amount of time litigating the successful claim alone. *See Brodziak v. Runyan*, 145 F.3d 194, 196 (4th Cir. 1998) (noting that the result obtained is an important factor in the lodestar calculation).

*9. The Experience, Reputation, and Ability of the Attorneys*

This factor favors the court's granting of Banks's petition. It is undisputed that Mr. Murphy and Mr. Nichols are both experienced litigators and enjoy a strong reputation in the community.

*10. The Undesirability of the Case Within the Legal Community*

This factor weighs in favor of Banks. The risk of non-recovery in a case involving discrimination and harrassment makes it an undesirable undertaking for many attorneys. Courts across the country have recognized the dearth of lawyers willing to represent plaintiffs in employment and civil rights cases. *See Lattimore v. Oman Contr.*, 868 F.2d 437, 439 (11th Cir. 1989); *see also Stokes v. City of Montgomery, Ala.*, 705 F. Supp. 811, 817 (M.D. Ala. 1988); *and Caston v. Sears, Roebuck & Co.,Hattiesburg, Miss.* 556 F.2d 1305, 1309 (1977).

*11. Nature and length of the attorney's professional relationship with the client*

The court finds that this factor does not affect the attorneys' fee in this case.

*12. Fee awards in similar cases*

Having reviewed the cases set forth by Banks, and considering its own experience in matters such as this, the court is of the opinion that the attorneys' fees which Banks seek are comparable to those fees awarded in similar actions.

Based on the court's evaluation above, the court determines that the factors weigh in favor of granting Banks's petition.

## CONCLUSION

For all of the reasons set forth above, the court **GRANTS** Banks's petition for attorneys' fees, costs, and expenses. This court finds that Banks is entitled to (1) an award of attorneys' fees in the amount of $59,435.00; (2) paralegal fees totaling $191.25; and (3) costs and expenses in the amount of $2,373.37 for a total award of $61,999.62.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

Greenville, South Carolina
June 13, 2011